Bev Anderson Chevrolet, Inc. v. Commissioner.
Bev Anderson Chevrolet, Inc. v. Commissioner
Docket No. 6119-65.
United States Tax Court
T.C. Memo 1967-64; 1967 Tax Ct. Memo LEXIS 196; 26 T.C.M. (CCH) 338; T.C.M. (RIA) 67064; April 4, 1967
*196 John E. McDermott, for the petitioner. Lawrence J. Shongut and Robert S. Gorin, for the respondent. RAUM
Memorandum Findings of Fact and Opinion RAUM, Judge: The Commissioner determined deficiencies in petitioner's 1962 and 1963 income tax in the amounts of $649.82 and $1,935.30, respectively. The sole question is whether he erred in his disallowance of deductions for officer's compensation to the extent of $2,800 for 1962 and $6,451 for 1963. Petitioner is a corporation that was organized originally to operate a Chevrolet automobile agency in Kingston, New York. Its principal stockholder was Bev Anderson who operated the agency. His wife owned the remainder of the stock. There were 35 employees. Mr. Anderson died in January 1957, and his wife succeeded to his stock, thus becoming the sole stockholder. In view of Mr. Anderson's death, the automobile franchise was terminated by General Motors, and a franchise in lieu thereof was given to a Mr. Byrne later in 1957. After disposition of the tangible personal property of the corporation, its principal asset was the real estate in which the automobile business had been conducted. On September 1, 1957 petitioner entered *197 into a five-year lease of that property with the new owner of the automobile business at a rental of $25,000 a year. Upon termination of that lease, a new five-year lease was executed at the same rental in 1962. Both leases made the lessee responsible for maintenance of the property, but the lessor was responsible for capital replacements. The 1962 lease was somewhat more favorable to the lessor in that it relieved the lessor of responsibility for capital replacement in respect of the body shop and also required the lessee to pay the real estate taxes to the extent that they exceeded such taxes under the prior lease, which had been about $4,700 a year. The rent remained $25,000 a year. It was payable monthly under both the original lease and the renewal lease. During the taxable years the only compensated employees of petitioner were Mrs. Anderson, its president, and the former office manager of the petitioner who rendered some part time clerical or stenographic services. During these years, petitioner's assets consisted primarily of the foregoing real estate. It also owned U.S. Government obligations from which it received interest in the gross amount of $1,750 in each year, as *198 well as securities in four corporations (listed in petitioner's income tax return as "Link Belt", "Bank of America", "Standard Oil of Calif.", and "General Motors") from which it received dividends in the aggregate amounts of $1,274 and $1,485.50 in 1962 and 1963, respectively. During each of the years 1961-1963, inclusive, Mrs. Anderson received dividends aggregating $5,034.25 from petitioner. Petitioner's earned surplus and undivided profits as of the end of each of these years, as disclosed by its income tax returns, was $171,097.80, $166,717.71, and $164,734.61, respectively. After various deductions for taxes, depreciation, and other items, including compensation of $7,800 paid to Mrs. Anderson, petitioner reported taxable net income of zero for 1962 and $2,383.27 for 1963. The Commissioner determined that the $7,800 deduction claimed for officer's compensation in each of the years 1962 and 1963 was excessive and unreasonable to the extent of $2,800 and $6,451, respectively. Petitioner had no office or place of business other than at Mrs. Anderson's home during the years in issue. Her regular activities included receiving the rent once a month, receiving dividends and interest *199 on the securities listed above, inspecting the corporation's property from time to time, and paying petitioner's bills. She devoted a certain amount of time in 1962 to negotiations regarding the renewal of the lease, and, over the years, has concerned herself with the possibility of acquiring additional property adjacent to that already owned. In addition, she made some investigation as to the possible construction of a new body shop on the property, but the lessee was unwilling to pay the additional rent therefor, and the matter was abandoned. Also, she met with a lawyer and an accountant on occasion to discuss the affairs of petitioner, particularly in respect of tax matters. There was some evidence of certain other sporadic activities which, however, did not appear to us to be proximately related to the business of petitioner. Apart from evidence as to Mrs. Anderson's activities in negotiating the terms of the renewal lease in 1962, the record indicates to us that her services to the corporation in 1962 and 1963 were minimal, and required only a comparatively small amount of time and effort. The Commissioner has recognized her somewhat greater services in 1962 and has allowed *200 a substantially larger deduction for that year. The question is one of fact, and we cannot say on this record that he erred. Indeed, as we evaluate the evidence before us, we think that the Commissioner's action was entirely reasonable. We find as a fact that the salary paid to Mrs. Anderson was excessive and unreasonable to the extent determined by the Commissioner. Since our decision turns upon our evaluation of the evidence before us on this record, no useful purpose would be served by exploring decisions in other cases involving similar issues. Decision will be entered for the respondent.